```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

JEFFREY HERNEY REALPE,

v.                                    Case No. 8:18-cr-150-T-33SPF
                                               8:19-cv-2450-T-33SPF

UNITED STATES OF AMERICA.

_____/

**ORDER**

This matter is before the Court on Jeffrey Herney Realpe's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. # 1; Crim. Doc. # 101). The United States of America responded on October 18, 2019. (Civ. Doc. # 3). Realpe failed to file a reply by the deadline. For the reasons that follow, the Motion is denied.

**I.   Discussion**

Pursuant to a plea agreement (Crim. Doc. # 65), Realpe pled guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). (Crim. Doc. ## 61, 87). This Court sentenced Realpe to a 63-month term of imprisonment on March 8, 2019. (Crim. Doc. ## 96, 97). Under U.S.S.G. § 2D1.1(b)(1), Realpe received a two-level enhancement for the possession of a firearm by a coconspirator. (Crim. Doc. # 78 at ¶¶ 14, 20).

1

In his § 2255 Motion, Realpe argues that he is entitled to post-conviction relief because of the recent United States Supreme Court decision in United States v. Davis, 139 S.Ct. 2319 (2019). (Civ. Doc. # 1 at 4). Specifically, Realpe writes:

> I received a 2 point enhancement for 18 U.S.C. § 924(c). The U.S.S.G. § 2D1.1(b)(1) provided the A.U.S.A. the leverage to do so. It is this defendant's belief that this enhancement, as a result of the recent ruling in Davis is in violation of the Constitution.

(Id.).

This argument fails. Davis held only that the residual clause of the definition of violent felony in 18 U.S.C. § 924(c) was unconstitutionally vague. Davis, 139 S.Ct. at 2336. As the United States points out, this Court "did not apply any provision of 18 U.S.C. § 924(c) to [Realpe] in fashioning a sentence, let alone any residual clause definition of a violent felony." (Civ. Doc. # 3 at 2). Instead, the Court applied a two-level enhancement for the possession of a firearm by a coconspirator, as specified by U.S.S.G. § 2D1.1(b)(1). (Crim. Doc. # 78 at ¶¶ 14, 20). Thus, Davis's holding regarding Section 924(c) has nothing to do with U.S.S.G. § 2D1.1(b)(1), and Realpe's Motion must be denied.

2

## II. Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied

The Court declines to issue a certificate of appealability because Realpe has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Realpe to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Realpe shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Jeffrey Herney Realpe's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. # 1; Crim. Doc. # 101) is **DENIED**. The Clerk is directed to enter judgment for the United States of America and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of November, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE